# IN RE MINOR.

PATENTS; PATENTABILITY; ANTICIPATION; JUDICIAL NOTICE; CLAIMS.

1. Claims for a can opener, the distinctive features of which were a curved forward cutting edge related both in construction and

position to a pivot edge or fixed axis of revolution as described, and a spherically shaped blade positioned as described with relation to the pivot edge or fixed axis of revolution, were *held* anticipated by a French patent for a can opener, describing a blade always forming a constant angle with the cover of the can, whatever the inclination of the handle, and pointing out how to plot a tool mathematically so as to bring about this relation of the parts, and a British patent describing a can opener with a curved cutting edge but with a fixed pivot to form a fulcrum and to grip the edge of the tin can or box to "facilitate the feed" of the knife.

2. It is not invention to merely make a selection of old parts which bear substantially the same relation to the operation of a tool that they did to tools in which they were used separately before the supposed invention.

3. No new result is attained by a can opener because it has a longer cut than one already patented, where the latter cuts more rapidly, as the entire operation of opening a can may be effected as quickly by one as the other.

4. Where a can opener is not so devised as to automatically keep the curved blade against the side of the can, but the operator may have to turn the handle outward in order that the blade may fit snugly against the cylindrical wall of the can, it has no advantage over patented can-opening devices, one of which shows a curved blade adapted to cutting a straight edge or a circular line having a "concave-convex" formation, and the other of which has a convexed cutting blade, so shaped in order to make the cut in the can top close to the vertical wall of the can, and it is immaterial that in neither of the applications for such patents is it claimed that the pivot or pivot edge is positioned radially to the surface of the blade, where it appears that in one of them the pivot point bears substantially, if not quite, that relation to the surface of the blade.

5. Tool handles designed to fit the hands are very old and of infinite variety, and the court will take judicial notice of that fact in sustaining a ruling of the Patent Office rejecting a claim for a handle of a can opener so shaped as to fit the hand and to make it light in weight.

6. Where an applicant concedes that certain devices described in three of his claims are old, and states that they are claimed only in combination with the devices of a fourth claim, and that claim is rejected, the other three claims fall with it.

No. 1067. Patent Appeal. Submitted November 17, 1916. Decided January 2, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent.                                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. James L. Norris* and *Mr. Clarence A. Bateman* for appellant.

*Mr. William R. Ballard* for the Commissioner of Patents.

Mr. Justice McCoy, of the Supreme Court of the District of Columbia, who sat with the court in the hearing and determination of the appeal in the place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court:

This is an appeal from a decision of the Patent Office rejecting claims 1 to 8, inclusive, of an application for a patent. The application states that the invention for which a patent is claimed relates to can openers, and has reference more particularly to the class comprising a lever of the first order with flat blades as well as those which are convexed.

For the purposes of this decision it will be sufficient to set forth in full claims 1, 2, and 4, which are as follows:

"1. In a device of the class described, a blade having projecting from its outer surface a pivot with an edge forming a fixed axis of revolution positioned normally to said surface, the blade having also a curved forward cutting edge, lying in said surface, and being a curve so generated and positioned, on a flat pattern, with relation to the projection of said axis, that a straight line drawn from the projection of said axis to any point on said curve will form a substantially constant angle approximating 45 degrees with a tangent to said curve at the same point.

"2. In a device of the class described, a blade having a spherical outer, convex surface, containing a forward cutting edge, and, projecting from said surface, a pivot with an edge forming

a fixed axis of revolution, said axis being positioned radially with relation to said surface."

"4. In a device of the class described, a handle having in combination, a curving end and back to fit the hollow of the hand, curves beneath to receive and fit the fingers in grasping a flat portion at proper angle to receive a blade, and a ridge on the back of the handle, said handle being apertured to lighten and strengthen same."

The object of the invention is to provide a can opener which will cut out the top of a can easily, and quickly making a clean smooth cut close to the vertical walls of the can.

The application states that the efficiency of the can opener depends upon the relation (of construction and position) between the curved forward cutting edge and the pivot edge (the axis of revolution) projected at a certain point in the tool. It describes the method of generating the curve of the cutting edge with reference to a flat blade, and says that a pattern of the flat blade having been obtained, it can be convexed into the desired spherical shape, giving a pattern for the spherically shaped blade, the projection of which will differ but slightly from the pattern of the flat blade; that the angle of 45 degrees is taken for the constant angle between the straight line from the center of revolution to any point on the curve and a tangent to the curve at the same point, because that angle combines the compatible maxima of advantage or facility in cutting and of speed in cutting; that it is the proper angle for ordinary uses of the tool, but that the constant angle approximating 45 degrees may be substituted; and, further, that the claims are made broad enough to cover a cutting edge constructed and positioned with reference to any angle approximating 45 degrees.

The application with some unsubstantial amendments states particularly in regard to the device to which the second claim applies as follows:

"For use on cylindrical cans the blade of the can opener has on its outer surface the form of a sphere of same diameter as that of can to be opened, or of most commonly used size of can, this outer or convex spherical surface of the blade (containing

the curved forward cutting edge) being positioned with relation to the pivot edge, or fixed axis of the can opener in operation, so that a diameter of the sphere of which the outer or convex surface of the blade is a part will coincide (in position and direction) with said axis of revolution, and so that throughout the revolution of the can opener, in operation, the spherical outer or convex surface of the blade (including every point of the curved forward cutting edge) will pass tangent to the cylindrical wall of the can, just at the rim; whereby the top of the can will be cut by said cutting edge just at or close to the rim, and the blade be held steadily in position, throughout the operation of the tool."

It is stated, further, that the tool designed for cutting cylindrical cans must have the shape of a sphere, with a diameter equal to the diameter of the can to be opened, coinciding (in position and direction) with the convexed axis of revolution of the tool in operation, the result of which, it is said, will be that in all positions of the revolving movements of the can opener in operation the blade will everywhere fit snugly against the cylindrical wall of the can. It is stated, however, that in practical operation it is sometimes convenient to lean the handle a little outward to avoid obstructions on the inner wall of the can, such as a seam, and that the operator can with his hands so control the position of the tool and blade as to maintain a proper adjustment of the blade where such adjustment is not perfectly effected by means of the spherical shape and the positioning of the blade, and by a flange on the end of the pivot, which flange in operation is on the outside of the can. The application states also that, although for use on cylindrical cans the proper shape of the outer or convexed surface of the blade is that of a sphere with the diameter equal to the diameter of the can to be opened, a blade constructed or shaped to any particular diameter will work satisfactorily on cans with diameters varying considerably above and below the diameter of the construction; and that the practical utility of the can opener would be increased by adopting ordinarily the diameter of the most commonly used size of can; and, further, that the

spherically shaped blade is available and intended for use on curved cans which are not cylindrical, though it is not as perfectly adapted to the latter as to cylindrical cans.

The two main and distinctive features of his invention are said to be, first, the curved forward cutting edge of the peculiar construction and positioning described, that is, related both in construction and position to the pivot edge or fixed axis of revolution as described; and, second, the spherically shaped blade positioned as described with relation to the pivot edge or fixed axis of revolution. The can opener with the first feature and without the flat blade is for straight-line cutting, and this feature is separately claimed. The second feature is separately claimed, but it is said that the can opener embodying the second feature without the first, while it works more satisfactorily than any can opener except that of the appellant, will work to best advantage in combination with the first feature. The two features are claimed in combination as well as separately.

Claim 1 was rejected on a French patent to Odend'hal, No. 420,623, February 3, 1911, and a British patent to Parrott, No. 950, of 1896. Odend'hal's invention is of a tool specially designed for opening preserving cans. He states the characteristic feature of it to be that the blade will always form a constant angle with the cover of the can whatever may be the inclination of the handle, and points out how to plot a tool mathematically so as to bring about this relation of the parts. In the Odend'hal tool at the heel of the blade is a striated projection which rests on the cover of the can and prevents the tool from moving back, serving also as a point of support. This projection is cylindrical in shape, the result being that the axis of revolution is a shifting axis as the tool is operated. Parrott describes a can opener with a curved cutting edge, but with a fixed pivot serving to form a fulcrum and to grip the edge of the tin can or box to *"facilitate the feed"* of the knife. It is admitted that the use of fixed pivots in can openers is not only old, but common. The appellant in his brief in the Patent Office states that there can be no appropriation of any particular angle or of constancy of angle considered abstractly. He claims,

however, that to plot the curved edge of the tool with reference to a fixed axis, instead of a constantly changing axis, involves invention; this being, he says, the adoption of a distinctive means and mode of maintaining such constant angle, and especially because the mode of operation in the one case is different from that in the other. But the axis fixed or changing is not a means or mode of maintaining a constant angle. It is merely a point necessarily adopted for the mathematical calculation involved in plotting the tool. His argument with reference to the mode of operation consists in contrasting his invention with Odend'hal's,—"Odend'hal's can opener, rolling back on its bearings, recedes from its work, . . . but my can opener, revolving on a fixed axis, stands up firmly against its work throughout each cut." This simply leaves Parrott's prior invention out of consideration. The appellant could just as well say that he avoids the receding action by using a blade like Odend'hal's with a fixed pivot, instead of the blade Parrott uses. The advantage in the cutting operation effected by a tool with a curved cutting edge positioned identically at every point with relation to an axis is exactly what Odend'hal claimed. Parrott uses a fixed pivot, and in his patent points out its advantage in "facilitating the feed." The applicant has simply made a selection of old parts which bear substantially the same relation to the operation of the tool that they did to the tools in which they were used separately before his invention.

Appellant claims a practical advantage for his tool in that it makes a longer cut than Odend'hal's, and urges that invention should be conceded him for this reason. It would be a sufficient answer to this contention to say that Parrott's tool also makes a long cut. Moreover, when a pivot and curved cutting edge are present the operation of the cutting is partly forward and partly backward, whether the pivotage is on a so-called fixed pivot or on different pivots successively; that is to say, there is a drawing action to the cutting operation in both cases, but with the former it is less than with the latter. In other words, it is only a question of degree. If the appellant's tool makes a longer cut, undoubtedly Odend'hal's cuts more rapidly owing

to its greater drawing action, and the entire operation of opening a can is undoubtedly effected as quickly by one as by the other. So, there is no new result from the use of the tool as constructed by the appellant, and, as already shown, what the appellant claims as subsidiary functions; namely, the accentuation of the forward movement and the maintenance of the constant angle are both old.

The convexed can opener to which claim 2 relates is stated in the application to have the advantage that in operation the blade will everywhere fit snugly against the cylindrical wall of the can, but after making such claim the appellant proceeds, as shown above, to state that, in practical operation, it is sometimes convenient to turn the handle outward for the purpose there stated, and generally that the person using the opener can adjust the blade to suit the circumstances; in other words, the tool is not so devised as to automatically keep the curved blade against the side of the can; consequently his device has no advantage over that of Smith, December 29, 1908, No. 908,346, or that of Franken, June 21, 1910, No. 961,946, and is not substantially different from them in form. Smith shows a curved blade adapted, he says, to cutting a straight or a circular line, which he describes as having a "concave-convex" formation. Franken also shows a convexed cutting blade, and states that the object of so shaping it is to make the cut in the can top close to the vertical wall of the can. The appellant says, however, that the pivot or pivot edge in the Smith and Franken devices is not positioned radially to the surface of the blade. Neither Franken nor Smith make any claim to an axis so positioned, but in Franken's device especially it is apparent from the drawings that the pivot point bears substantially, if not quite, that relation to the surface of the blade. Moreover, as pointed out above, there is no practical utility gained from the construction claimed. Claim 2 was therefore properly refused.

Claim 3 is substantially a combination of claims 1 and 2, and for reasons already given was properly refused. As stated by the Assistant Commissioner of Patents, there was no invention involved in giving a blade formed after the manner of the

Odend'hal patent a spherical outer surface in view of the patent to Franken. Moreover, as pointed out above, the appellant admits that the two features embodied in claim 3 are independent.

Claims 4 and 5 were unanimously refused by the officials in the Patent Office. They relate to the design of the handle of the tool so as to produce a shape which will fit the hand and make it light in weight. The court will take judicial notice of the fact that tool handles designed to fit the hands are very old and of infinite variety, and on this ground alone would uphold the ruling in the Patent Office. If this were not so, the reference would sustain the action of the Patent Office. The ruling as to claim 4 is also applicable to claim 5.

The appellant says in his brief that the bevel, point, and flange mentioned in claims 6, 7, and 8, respectively, are all old devices, and that they are claimed only in combination with the devices of claim 1. The last-mentioned claim having been held to be properly refused, the other three claims fall with it. As pointed out in the brief of counsel for defendant, the details mentioned in claims 6, 7, and 8 have no functional or patentable relation to the specific shape of the cutting edge described in claim 1.

The decision of the Assistant Commissioner of Patents is affirmed.

The clerk will certify this opinion as required by law.

*Affirmed.*